UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE JAMES MALVEZZI, | 25-CV-6850 (LTS) |
| --- | --- |
| Petitioner. | TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner James Malvezzi brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, "by and through next friend Alfonso Malvezzi."[1] (ECF 1.) For the following reasons, the Court transfers this petition to the United States District Court for the Eastern District of New York.

## BACKGROUND

Alfonso Malvezzi, next friend of Petitioner James Malvezzi, filed this Section 2241 petition on behalf of James seeking James's release. Alfonso, who does not describe his relationship to James but appears to be related, states that James currently faces criminal charges in the New York Supreme Court, Queens County. Alfonso states that "venue lies in the Eastern

---

[1] A petition for a writ of *habeas corpus* may be brought either "by the person for whose relief it is intended or by someone acting in his [or her] behalf." 28 U.S.C. § 2242. When the petition is brought by a person other than the one seeking relief, the "next friend" must demonstrate that he has standing to act on the person's behalf.

> First a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest.

*Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (citations omitted). "The burden is on the 'next friend' to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164. Because the Court is transferring this action to the Eastern District of New York, it leaves to the transferee court a decision on whether Alfonso may bring this action on behalf of James.

District of New York because Respondent [Warden/Sheriff/DOC Commissioner] may be located in Kings County Jail, Brooklyn, within that district. And/or Queens Area." (*Id.*) The petition indicates that Alfonso does not know where James currently is detained.

## DISCUSSION

Generally, in order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seeks relief but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

Here, it is unclear where James is currently detained. However, because the petition concerns underlying charges in Queens County, and Alfonso indicates in the petition that he intended to file this action in the Eastern District of New York, in the interest of justice, this Court transfers this petition to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a) (Where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Petitioner should be permitted to proceed

further without payment of fees is a determination to be made by the transferee court.[2] This order closes this case.

Because this petition concerns the immediate release of an individual in custody, the Court waives Local Civil Rule 83.1's seven-day waiting period. The Clerk of Court shall therefore transfer this action upon the filing of this order.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 26, 2025
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

---

[2] An application to proceed *in forma pauperis* was not submitted with the petition, and Alfonso did not pay the $5.00 filing fee.