UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IN THE MATTER OF JAMES MALVEZZI,[1]

                Plaintiff,

          -against-

RYAN GRAY, Personally and in his
Official capacity as Agent for Port
Authority; EVA STEVENSON,
Personally and in her Official capacity
as N.Y. Public Defender; and JANE
DOE, personally and in her official
Capacity Officer D.O.C., that on or
about 9/11/2025 met James Malvezzi at
[Rikers Island],

                Defendants.

----------------------------------------------------------x
----------------------------------------------------------x
IN RE JAMES MALVEZZI,

                Petitioner,

----------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-5066 (NRM) (RML)

**MEMORANDUM AND ORDER**
25-CV-4896 (NRM) (RML)

NINA R. MORRISON, United States District Judge,

      On September 9, 2025, Lawrence Malvezzi filed the first above-captioned

action, seeking to proceed as "next friend" on behalf of his brother, James Malvezzi.

25-CV-5066, ECF No. 1.  He paid the filing fee to commence this action.  25-CV-

5066, ECF No. 2.  The original submission was captioned as both a "Notice of

Removal" of a state criminal case and an Application for a Writ of Habeas Corpus

---

[1] The caption in the original submission, 25-CV-5066, ECF No. 1, began "In
re James Malvezzi" and included the hand-written notation "Next Friend/ Federal
Rule 17(c)/ No Access to Court Materials/ Lawrence Malvezzi."

pursuant to 28 U.S.C. § 2242 and § 1455, but it also named individuals as defendants and sought civil damages. 25-CV-5066, ECF No. 1. Lawrence Malvezzi filed an Amended Application for a Writ of Habeas Corpus and Notice of Removal on September 15, 2025, also on behalf of James Malvezzi. 25-CV-5066, ECF No. 5. On October 10, 2025, Lawrence Malvezzi filed a memorandum in further support of the Application. 25-CV-5066, ECF No. 8.

On August 14, 2025, Alfonso Malvezzi, also purporting to act as "next friend" to James Malvezzi, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of New York in the second above-captioned action. Docket No. 25-CV-4896, ECF No. 1. The submission was not signed and was not accompanied by the filing fee or an application to proceed *in forma pauperis*. The petition was transferred to this Court on September 3, 2025 and marked related. No. 25-CV-4896, ECF No. 3. This Court issued a deficiency letter on September 19, 2025. No. 25-CV-4896, ECF No. 6. On September 24, 2025, Alfonso Malvezzi submitted an amended petition that included his personal signature and the notation "By next friend Alfonso Malvezzi – Non-attorney, pro se." No. 25-CV-4896, ECF No. 7, at 3. On September 26, 2025, the filing fee was submitted. No. 25-CV-4896, ECF No. 8. On October 3, 2025, Alfonso Malvezzi submitted an affidavit indicating that he is the father of James Malvezzi and stating his intent to "let Lawrence Malvezzi . . . represent this case." No. 25-CV-4896, ECF No. 9.

For the reasons set forth below, both requests to proceed as "next friend" are

denied, the actions are dismissed, and James Malvezzi's criminal case will remain in state court.

## BACKGROUND

The Amended Application for Habeas Corpus and Notice of Removal filed by Lawrence Malvezzi asserts that he is "pro-se acting [on] behalf [of] his brother James Malvezzi Campeggi." 25-CV-5066, ECF No. 5 at 1.[2]  It alleges that James Malvezzi was detained upon arrival at JFK Airport on August 9, 2025.  *Id.* at 2.  It asserts that Defendant Port Authority Police Officer Ryan Gray filed a "fabricated" affidavit on August 9, 2025, but it does not identify any specific assertions in the affidavit that Plaintiff contends are false.  *Id.*  In the affidavit, which is attached as an Exhibit, Officer Gray states that James Malvezzi was a fugitive from justice, in that he had been charged in Florida with the crime of battery of law enforcement or firefighter and was subject to extradition to that state.  *Id.* at 11–12.

The amended pleading asserts that James Malvezzi has been "improperly detained" since August 9, 2025, without any charges being filed.  *Id.* at 1, 3. Printouts from the New York State Unified Court System database for Docket Number FG-300344-25QN in Queens Criminal Court are attached as an Exhibit. *Id.* at 6–9.  The printouts indicate that there are no charges or motions on record. *Id.*  The printouts identify the defense attorney as Eva Stevenson, of Legal Aid in Queens.  *Id.* at 6.  Lawrence Malvezzi claims that Defendant Eva Stevenson is a

---

[2] The Court refers to the page numbers assigned by the Electronic Case Filing System ("ECF").

public defender who was appointed to represent James Malvezzi, but was "refused by James Malvezzi pro-se." *Id.* at 2. He claims that she "let James [be] kidnapped and detained with no bail without charges" and "impeded" him from contacting his family and hiring another attorney. *Id.* at 3.

Lawrence Malvezzi claims that he visited his brother at Rikers Island and that it "was impossible [to] bring documents and or anything that may help to produce and give him a chance to write documents for Court and he ask[ed] me to file this document in his behalf." *Id.* at 3. Lawrence Malvezzi states that his brother told him that Defendant Jane Doe, from the "Prison Authority," visited him at Rikers Island on September 11, 2025 and acknowledged that his name had been misspelled in official records. *Id.* at 3. Lawrence Malvezzi states that Jane Doe "was requested to free [James Malvezzi] as James manifested based and citing the facts and the laws" [*sic*]. *Id.* The Memorandum in Support further states that Lawrence Malvezzi attended a hearing in Queens Criminal Court, where James Malvezzi elected to proceed *pro se* and informed the court that it was "impossible" to file legal papers from Rikers Island due to limited library resources. 25-CV-5066, ECF No. 8 at 8.

The amended pleading requests "removal of State criminal prosecution" under Docket Number FG-300344-25QN from New York Supreme Court, Queens County, to this Court, pursuant to 28 U.S.C. § 1455. 25-CV-5066, ECF No. 5 at 1-2. The submission asserts that "the State Court . . . will not guarantee [a] fair hearing because the liability will be [too] much for the State and the Officers involved." *Id.*

4

at 3.  The submission also requests that the Court "issue an habeas corpus to free [James Malvezzi] from [Rikers] Island," pursuant to 28 U.S.C. § 2242.  *Id.* at 1, 4. The amended pleading also invokes 42 U.S.C. §§ 1983 and 1985 and requests a "Civil Remedy" of compensatory damages in excess of $2 million.  *Id.* at 1, 4.

The amended petition submitted by Alfonso Malvezzi is substantially similar to that brought by Lawrence Malvezzi.  The amended petition requests James Malvezzi's "immediate release or an order directing presentment forthwith because the State of New York has held Petitioner since 8/9/25 without charges, without probable-cause determination, and without constitutionally required arraignment." No. 25-CV-4896, ECF No. 7 at 1.  The submission asserts that Ryan Gray submitted a "false affidavit" affirming that James Malvezzi was arrested on a warrant and purporting to attach the warrant.  *Id.* at 2.  The same affidavit from Officer Gray, but not the warrant, is attached as an Exhibit to the amended petition.  *Id.* at 10– 11.  Alfonso Malvezzi asserts that there is no warrant in Florida or "on any Docket." *Id.* at 3.  He does not identify any other purportedly false claims in the affidavit.  A search of public records in Martin County, Florida reveals an open felony indictment against James Malvezzi.  *See https://court.martinclerk.com/CourtCase.aspx/Details/1278844?digest=Ftiv6T9aK oUw%2Fmjjb4cbwg* (last visited 10/10/25).

The amended pleading also attaches printouts from the New York State Unified Court System database for Docket Number FG-300344-25QN in Queens Criminal Court.  *Id.* at 5–8.  The printouts indicate that there are no charges or

motions on record.  *Id.*  The printouts do not identify any defense attorney.[3]  *Id.* at 5.  Alfonso Malvezzi asserts that James Malvezzi is "not presently represented by counsel of choice, and appointed counsel has failed to file any motion to dismiss despite the constitutional defect."  *Id.* at 1.

## DISCUSSION

Lawrence Malvezzi purports to bring this action on behalf of James Malvezzi and seeks three separate avenues for relief.  Alfonso Malvezzi also purports to bring this action on behalf of James Malvezzi.  Neither proposed "next friend" may proceed on any of these claims.

### A.  Proceeding as "Next Friend" in the Application for a Writ of Habeas Corpus

A petition for writ of habeas corpus may be brought either "by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  When the motion is brought by a person other than the prisoner, that "next friend" must demonstrate that he or she has standing to act on the person's behalf.

> First a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.  Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest.

---

[3] The original petition included printouts from an earlier date, in which Eva Stevenson, a Legal Aid attorney, was identified as defense counsel.  No. 25-CV-4896, ECF No. 1–4.

*Whitmore v. Arkansas*, 495 U.S. 149, 163–164 (1990) (citation modified). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Here, Lawrence Malvezzi seeks to appear as "next friend" to his brother and alleges that he, Lawrence Malvezzi, was not allowed to bring into the jail materials for his brother to use in petitioning the Court. Lawrence Malvezzi has not alleged that James Malvezzi was denied access to his own legal documents or other legal research materials available at Rikers Island, nor that he is incapable of initiating litigation or appearing on his own behalf in this matter. Thus, the Court finds that Lawrence Malvezzi has not met his high burden to appear as "next friend" on behalf of James Malvezzi, and he therefore lacks standing to bring a habeas petition on James Malvezzi's behalf.

Likewise, Alfonso Malvezzi has not indicated any reason why James Malvezzi is incapable of appearing on his own behalf in this matter. Thus, the Court finds that Alfonso Malvezzi has not met his burden to appear as "next friend" on behalf of James Malvezzi, and he therefore lacks standing to bring a habeas petition on James Malvezzi's behalf.

Should James Malvezzi seek to proceed in a habeas corpus petition on his own behalf, he is advised that the federal courts have extremely limited jurisdiction to intervene in state criminal matters. Title 28 of the United States Code, Section 2241(c)(3) permits habeas corpus review in federal courts for state detainees "in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2241(c)(3).  Where the petitioner is challenging pre-trial detention, he must first exhaust available state court remedies—meaning that he must attempt to have the state courts correct any violations of his rights before he asks a federal court to do so.  *See United States ex rel. Scranton v. State of N. Y.*, 532 F.2d 292, 294 (2d Cir. 1976) ("While 28 U.S.C, Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism." (citations omitted)).  "[A] federal habeas corpus petition cannot be used to effect the 'derailment of a pending state court criminal proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" *Vassel v. Toulon*, No. 18-CV-2238 (KAM), 2018 WL 2766142, at *2 (E.D.N.Y. June 8, 2018), quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973).

This provision and its limitations also apply to federal habeas challenges to extradition.  *York v. Shannon*, No. 22-CV-2663 (PKC), 2022 WL 16715921, at *1 (E.D.N.Y. Nov. 4, 2022) (collecting caselaw).  "Both New York and Florida describe state remedies for improper extradition proceedings in their respective extradition statutes, namely via state habeas petitions."  *Id.* at 2 (citing N.Y. Code Crim. Proc. § 570.24 (McKinney's 2022); Fla. Stat. § 941.10 (2022)); *see also Powell v. Zurlo*, No. 18-CV-1163 (GTS), 2018 WL 5085696, at *2 (N.D.N.Y. Oct. 18, 2018) (finding that petitioner challenging his detention in New York pursuant to an extradition order from Arkansas must first exhaust his claims in the New York courts in accordance

with Code of Criminal Procedure § 570.24).  James Malvezzi can challenge his detention under the extradition order, including any constitutional claims, in New York State's courts; only after that avenue of review is exhausted, by filing a 28 U.S.C. § 2241 petition on his own behalf.  He is advised that if he files a petition for a writ of habeas corpus in this Court without first pursuing his claims in state court, the petition will be dismissed.

## B. No Basis to Remove the Criminal Proceeding

Even if James Malvezzi were acting on his own behalf, the Notice of Removal does not establish that removal of the extradition proceeding under Docket Number FG-300344-25QN is proper.  State court criminal prosecutions may be removed to federal court in two instances: (1) where the prosecution is against a federal officer or member of the armed forces for actions taken under the color of office, 28 U.S.C. §§ 1442(a), 1442a; or (2) where the defendant shows that he has been "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States," 28 U.S.C. § 1443(1).  A removal petition brought under Section 1443(1) "must satisfy a two-pronged test":

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. . . . Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case.

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citation modified). "A defendant removing a criminal action to a federal district court has the burden of establishing that such case is within the federal court's removal jurisdiction." *New York v. Amelio*, No. 25-CV-02238 (JAV), 2025 WL 1122535, at *2 (S.D.N.Y. Apr. 16, 2025), *reconsideration denied*, No. 25-CV-2238 (JAV), 2025 WL 2030658 (S.D.N.Y. July 21, 2025). Federal courts should construe the removal statute narrowly, and any doubts about jurisdiction should be resolved against removal. *Teamsters Local 404 Health Servs. & Ins. Plan v. King Pharms., Inc.*, 906 F.3d 260, 267 (2d Cir. 2018).

Even where a criminal prosecution may be removed to federal court, the removal must follow certain procedures. A removable criminal prosecution must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon the defendant or defendants in such action." 28 U.S.C. § 1455(a). The notice must include all grounds for removal. 28 U.S.C. § 1455(b)(2). It must be filed within 30 days after the arraignment in the state court, unless the district court grants leave to file the notice later. 28 U.S.C. § 1455(b)(1). After a notice of removal is filed, the district court must promptly examine the notice. 28 U.S.C. § 1455(b)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

Here, the Notice of Removal does not allege that James Malvezzi is a federal officer or member of the armed forces being prosecuted for actions taken under color of office. Thus, removal of his criminal proceeding is not proper under Sections

10

1442(a) or 1442a.  Nor does the Notice allege that James Malvezzi was denied any civil right protected by a federal law related to racial equality.  Thus, removal is not proper under Section 1443.  Finally, the Notice does not provide the grounds for removal or provide copies of the process and pleadings in his criminal case, as required by Section 1455(a).  For these reasons, had the Notice of Removal been filed by James Malvezzi on his own behalf, it would be remanded to the Queens County Criminal Court.

### C.  No Basis for a Civil Action

Should James Malvezzi proceed on his own behalf in a separate civil action, he cannot use a civil proceeding to challenge a pending criminal proceeding.  The abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 54 (1971), prohibits federal courts from interfering with pending state court criminal prosecutions, except upon a showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief."  The bad faith exception arises when "the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive."  *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002).  "A state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception."  *Id.*  "[W]hen *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter."  *Id.* at 197.  The doctrine applies to claims for injunctive and declaratory relief.  *See Samuels v.*

*Mackell*, 401 U.S. 66, 73 (1971) (explaining that "where an injunction would be impermissible under [*Younger*], declaratory relief should ordinarily be denied as well"). The amended pleading has not established that the criminal charges were initiated in bad faith, nor that the criminal defendant is unable to pursue any federal constitutional claims in the state court proceeding. Thus, *Younger* applies to preclude the Court from considering James Malvezzi's challenge to his pending criminal proceeding.

Finally, to the extent that James Malvezzi sought to file on his own behalf and seek damages, his claims against any government officials would be reviewed under 28 U.S.C. § 1915A, which provides that a district court shall review and dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Defendant Jane Doe is identified only as an "Officer D.O.C." from the "Prison Authority." She is alleged to have visited James Malvezzi in jail, where he informed her of the misspelling of his name and asked her "to free him." The amended pleading does not allege that Jane Doe violated his civil rights or harmed him in any way. Defendant Ryan Gray is identified as a Port Authority Police Officer and is alleged to have submitted a "fabricated" affidavit, but the amended pleading does not provide any facts in support of those allegations; it fails to identify any false statements in the affidavit, or indicate how Gray violated James Malvezzi's civil rights. Accordingly, the claims against Jane Doe and Ryan Gray under 42 U.S.C. §

1983, if properly before this Court, would be insufficient to state a claim for relief pursuant to 28 U.S.C. § 1915A.

The amended pleading filed by Lawrence Malvezzi names one other individual defendant, the Legal Aid attorney appointed to represent James Malvezzi in the extradition proceeding. Defendant Eva Stevenson is alleged to have "impeded" James Malvezzi from contacting his family or hiring another attorney, and she is blamed for failing to get him released from detention. However, the amended pleading does not describe any specific acts or omissions by Stevenson that violated his constitutional rights. Claims for legal malpractice may arise under state law, but they do not establish a basis for this Court's subject-matter jurisdiction. Rule 12 of the Federal Rules of Civil Procedure requires that if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Since the Court does not have subject-matter jurisdiction over potential malpractice claims, James Malvezzi's claims against Eva Stevenson would be dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

For the reasons discussed above, the Court denies Lawrence Malvezzi's request to proceed as "next friend" to James Malvezzi. As Lawrence Malvezzi cannot appear on behalf of James Malvezzi in a habeas petition or civil or criminal action, and because of the other defects in the petition and "Notice of Removal" identified in this Order, the action is dismissed without prejudice. To the extent

13

that Lawrence Malvezzi sought to remove James Malvezzi's criminal case to this Court, that case (Docket Number FG-300344-25QN) shall remain with the New York Supreme Court, Queens County, pursuant to 28 U.S.C. § 1455(b)(4).

The Court additionally denies Alfonso Malvezzi's request to proceed as "next friend" to James Malvezzi. As Alfonso Malvezzi cannot appear on behalf of James Malvezzi in a habeas petition, the action is dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is requested to mail a copy of this Memorandum and Order to Lawrence Malvezzi at the address he provided, to Alfonso Malvezzi at the address he provided, and to James Malvezzi, with Book & Case Number 4412503434, at the Eric M. Taylor Center, 10-10 Hazen Street, East Elmhurst, NY 11370, and to note the mailing on the docket. The Clerk of Court is further requested to send a certified copy of this Order to the Clerk of the Queens County Criminal Court.

**SO ORDERED.**

_____
NINA R. MORRISON
United States District Judge

Dated:      October 21, 2025
            Brooklyn, New York

14